901 F.2d 1131
 284 U.S.App.D.C. 79
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Troy K. GREEN, Appellant.
 No. 89-3122.
 United States Court of Appeals, District of Columbia Circuit.
 May 3, 1990.
Rehearing Denied June 18, 1990.
 
 Appeal from the United States District Court for the District of Columbia.
 D.D.C.
 AFFIRMED.
 Before BUCKLEY, STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. Upon full consideration of this case, we are satisfied that the appropriate disposition of the issues raised in this appeal does not merit a published opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM OPINION
 
 4
 Appellant Troy Green challenges his conviction on one count of possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. Secs. 841(a) and 841(b)(A)(iii). He contends that an officer who testified at the preliminary hearing and at the trial deliberately lied under oath and that the district court erred in failing to instruct the jury on the appropriate weight to be assigned to the testimony of a perjurer. He also claims that the evidence used against him at his trial was the fruit of an unlawful stop that violated his rights under the Fourth Amendment to the United States Constitution. We conclude that the appellant's arguments are without merit and that it is unnecessary to address any but the argument that he was unlawfully seized by the police prior to his arrest.
 
 
 5
 * On the day of his arrest, appellant had two pre-arrest encounters with police officers Reynolds and Wilson. He had also had at least one encounter with Officer Reynolds on a previous day, when Reynolds stopped appellant on suspicion of a drug offense.
 
 
 6
 The first encounter on the day of the arrest took place between eight and eighty thirty p.m., shortly after the two plainclothes officers had stopped their unmarked car to talk with an acquaintance. The officers saw appellant and his co-defendant emerge from a nearby apartment complex; one of them was carrying an opaque plastic bag. One of the men bent down and looked into the police car, whereupon both of them turned around and returned to the building. Shortly afterwards, Officer Reynolds saw the two men peeking around the corner of the building, and, from his rear view mirror, as he and Officer Wilson started to drive down the street, Officer Reynolds saw the men leave the building--still carrying the plastic bag--look at the officers' car, and walk in the opposite direction.
 
 
 7
 The second encounter occurred after appellant and the other man had disappeared around the corner. The two men were seated in a car with the lights off and the motor running, when the officers pulled up behind them. When the officers had stopped their car and were getting out, the two men took off in their car at a high rate of speed and with their lights still off.
 
 
 8
 There was also testimony establishing that the two officers were well-known as police officers in the area where these three encounters occurred.
 
 II
 
 9
 The appellant's Fourth Amendment argument rests upon the claim that a reasonable person in appellant's position at the time of his last pre-arrest encounter with the police would have feared that he was being approached by "street thugs lying in wait to rob [him and his companion]" and would, for that reason, not have felt free to stay--a variation on the usual "not free to leave" formulation, but arguably as much an offense to the Fourth Amendment. Officer Reynolds' testimony at the suppression hearing establishes, however, that appellant knew that the men approaching him were police officers. His flight is not evidence against him, of course, but neither is it evidence that a reasonable person, knowing what he knew, would have felt threatened by the approach of the plain-clothes officers.